JUDGMENT
================================================================================

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

- - - - - - - - - - - - - -

NO. 02-10331
CT/AG#: CR-00-00147-DAE-01

UNITED STATES OF AMERICA

    Plaintiff - Appellee

v.

LARRY RUTKOWSKI, aka Shine

    Defendant - Appellant

**FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII**

**DEC 15 2003**

at 2 o'clock and 10 min. P.M.
WALTER A.Y.H. CHINN, CLERK

- - - - - - - - - - - - - - - - - - - - -

APPEAL FROM the United States District Court for the District of Hawaii (Honolulu).

THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is AFFIRMED.

Filed and entered November 18, 2003.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

DEC 10 2003

by: _____
Deputy Clerk

FILED
NOV 18 2003
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> LARRY RUTKOWSKI, aka Shine, <br><br> Defendant - Appellant. | No. 02-10331 <br><br> D.C. No. CR-00-00147-DAE-01 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted November 5, 2003
Honolulu, Hawaii

Before: BROWNING, REINHARDT, and THOMAS, Circuit Judges.

A grand jury indicted Henry Rutkowski and three coconspirators on one count of conspiring to knowingly and intentionally possess with intent to distribute in excess of 50 grams of methamphetamine in violation of 21 U.S.C. §

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

846, and one count of knowingly and intentionally possessing with intent to distribute in excess of in excess of 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. After a trial in which Rutkowski's three coconspirators testified against him, a jury found Rutkowski guilty on both counts. Pursuant to § 851 and § 841(b)(1)(A), the district court sentenced Rutkowski to life in prison without the possibility of parole because of two prior felony drug convictions. Rutkowski argues on appeal that (1) there was insufficient evidence to sustain a conviction against him, and the district court erred in denying his motion for acquittal; (2) the district court improperly instructed the jury regarding the permissible use of Rule 404(b) evidence; (3) the district court failed to comply with 21 U.S.C. § 851(b) prior to sentencing him;[1] (4) that his sentence constitutes cruel and unusual punishment; and (5) that he received ineffective assistance of counsel during sentencing. We AFFIRM.

I

First, Rutkowski argues that the government's evidence was inconsistent and lacked credibility, that it was therefore insufficient to sustain a conviction for conspiracy and possession, and that the district court improperly denied his motion

---

[1] Rutkowski also originally argued that one of his underlying convictions was not final within the meaning of 21 U.S.C. § 841(b)(1)(A), but no longer presses this claim.

2

for acquittal on this basis. One of Rutkowski's coconspirators testified that Rutkowski hired him to transport the methamphetamine from Los Angeles to Hawaii, and that Rutkowski procured the drugs in Los Angeles, transferred them to his coconspirators for transport, and inspected them on at least two occasions. Moreover, two of his coconspirators were caught with more than five pounds of methamphetamine in the Honolulu airport upon their return from Los Angeles. We conclude that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found all of the elements of conspiracy and possession beyond a reasonable doubt. *See U.S. v. Romero*, 282 F.3d 683, 686 (9th Cir. 2002). For the same reason, we hold that the district court properly denied Rutkowski's motion for acquittal. *See U.S. v. Carranza*, 289 F.3d 634, 641 (9th Cir. 2002).

## II

Second, Rutkowski argues that the district court improperly instructed the jury regarding the permissible use of Rule 404(b) evidence when it explained, mid-deliberation, that evidence of a prior conviction can be used for the purpose of showing knowledge or intent, but not as evidence that the defendant committed the specific crime charged in the case. The mid-deliberation instruction was consistent with Rule 404(b), as well as this Court's model jury instruction. *See*

3

FED. R. EVID. 404(B); MODEL CRIM. JURY INSTRU. § 4.3 (9th Cir. 2000). Accordingly, we conclude that the instructions as a whole were not misleading or inadequate to guide the jury's deliberation. *See U.S. v. Dixon*, 201 F.3d 1223, 1230 (9th Cir. 2000).

### III

Third, Rutkowski argues that the district court failed to comply with 21 U.S.C. § 851(b) during sentencing. We agree that the court did not follow § 851(b) when it failed to ask him if he affirmed or denied his previous convictions, and, most important, when it did not "inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." 21 U.S.C. § 851(b). However, Rutkowski conceded at oral argument that the court's error did not affect his substantial rights. Under this circumstance, we hold that the district court's failure to comply with § 851(b) was harmless error. *See U.S. v. Severino*, 316 F.3d 939, 947 (9th Cir. 2003) (en banc).

### IV

Fourth, Rutkowski argues that his sentence of life imprisonment without possibility of parole violates the Eighth Amendment. Bound by *U.S. v. Van Winrow*, 951 F.2d 1069 (9th Cir. 1991) (applying *Harmelin v. Michigan*, 501 U.S.

4

957(1991) to a similar challenge), we hold that Rutkowski's sentence does not constitute cruel and unusual punishment within the meaning of the Eight Amendment.

V

Finally, Rutkowski argues that he received ineffective assistance of counsel as a result of his attorney's failure to object to the enhancement provisions of § 841(b)(1)(A). Here, the record is sufficiently developed to permit us to review and determine this issue on direct appeal. *See U.S. v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000). We conclude that Rutkowski has failed to establish that counsel's performance was deficient; we also conclude that, even if it had been deficient, counsel's performance was not prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

VI

For the foregoing reasons, we AFFIRM the decision of the district court.

5

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

DEC 1 0 2003

by: [signature]
Deputy Clerk

MOATT INVATT
i

INTERNAL USE ONLY: Proceedings include all events.
02-10331 USA v. Rutkowski

UNITED STATES OF AMERICA         Thomas J. Brady, AUSA
   Plaintiff - Appellee         808/541-2850
                                 Rm. 6-100
                                 [COR LD NTC aus]
                                 U.S. ATTORNEY'S OFFICE
                                 300 Ala Moana Blvd.
                                 Honolulu, HI 96850

  v.

LARRY RUTKOWSKI, aka Shine       DeAnna S. Dotson, Esq.
   Defendant - Appellant         808.391.7308
                                 [COR LD NTC cja]
                                 186 Opikikao Way
                                 Honolulu, HI 96825