IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

LARRY RUTKOWSKI
    PETITIONER

V.

UNITED STATES OF AMERICA
    RESPONDENT.

CR 00-147 DAE-KSC

CASE NO. 05-00138-DAE/KSC

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
DEC 2 7 2005
at 1 o'clock and 05 min P M
SUE BEITIA, CLERK

## APPLICATION FOR CERTIFICATE OF APPEALABILITY

COMES NOW, Larry Rutkowski, (Hereinafter referred to as the petitioner), appearing pro'se and respectfully applies to this Honorable Court for issuance of Certificate of Appealability with reference to the above mentioned case, As grounds therefore the petitioner states as follows.

### INTRODUCTION

Title 28 U.S.C. § 2255(c)(2) requires that, for a Certificate of Appealability (Hereinafter C.O.A), to issue, with regard to the denial of a § 2255, a petitioner must show and demonstrate a "Denial of a substantial and constitutional right." In his § 2255 petitioner filed March 1 2005, the petitioner demonstrated that he that he was denied a "Substantial contitutional right," namely his right to conflict free representation and to effective

1

assistance of counsel. This case urges the most quintessential form of ineffective assistance of counsel. Petitioner raised multible grounds in his § 2255, each of which the court denied.

The standard of review for the issuance of C.O.A., is a federal prisoner must demonstrate a substantial showing of the denial of a constitutional right, and prisoner must demonstrate that reasonable jurist would find the District Court's assessment of the constitutional claim debatable. It is helpful if the prisoner can show there is a violation of federal law or statute, or that the issues are adequate to deserve encourgement to proceed further. **Miller-El v. Cockrell**, 537 U.S. ____, 123 S.Ct.____, 154 L.Ed.2d 931, 946, citing **Slack v. McDaniel**, 146 L.Ed 2d 542 (2000). A C.O.A. does not require a showing that the applicant will succeed. More recently in **Miller-El v. Cockrell**, supra, the United States Supreme Court noted that it's holding in **Slack** would mean very little if appelate review denied because the petitioner did not convince a judge, or for that matter, three judges, that he or she would prevail. The court went on to state that it did not require a petitioner to prove, before the issueance of C.O.A., that some jurist would grant the petition for habeas corpus. The Court stated "Indeed a claim can be debatable even though every jurist of reason might agree, after the C.O.A. has been granted and the case has received full consideration, that the petitioner will not prevail." **Miller-El v. Cockrell**, 154 L.Ed. 2d. at 943-951 (2003), citing and quoting **Slack v. McDaniel**, 529 U.S. at 484, 146 L.Ed.2d. at 542, and 120 S.CT. at 595.

The United States Supreme Court has also held in a capital case, the gravity of the penalty is also a proper consideration in

determining whether to issue C.O.A. **Barefoot v. Estelle**, 463 U.S. 880, 893 n.4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1938). In this case, the fact petitioner is serving two life sentences should also merit equal consideration.

Petitioner, is not attempting to re-argue the issues, however, in support of the issusnce of C.O.A. and in an abundance of caution the petitioner has made more than an adequate showing that he was denied his sixth amendment constitutional right to effective assistance of counsel at trial and direct appeal. Petitioner could not agree more with this court's analysis of the ineffectiveness of counsel, and with that would not the court agree that notwithstanding the prejudice, a court need not proceed any further on the claim of counsel's deficiencies? Did not the Supreme Court hold in **Glover v. United States**, 531 U.S. 198, 203, 148 L.Ed.2d 604, 121 S.Ct. 696 (2001). For the purposes of **Strickland** a sentence that is increased as a result of counsel failing to argue an issue is prejudice, regardless of the amount of time involved. Here as a result of counsel's deficiencies for failing to properly argue an issue, the petitioner received two life terms. The proper argument was in implicating **Taylor v. United States**, 495 U.S. 575 (1990): and **Shepard v. United States**, 125 S.Ct. 1254 (March 7, 2005). In closing the petitioner prays this Honorable Court will issue C.O.A on all issues raised.

Respectfully

*Larry Rutkowksi*

Larry Rutkowksi
Reg. No 87608-022

3

CERTIFICATE OF SERVICE

I, Larry Rutkowski do hereby certify that a true copy of the foregoing was sent VIA U.S. Mail, Prepaid to the office of the A.U.S.A. at the address below.

Edward H. Kubo, Jr.
United States Attorney
Att: Thomas J. Brady
Assist: U.S. Attorney
Rm. 6-100, PJKK Federal Bldg.
300 ALA Moana Blvd.
Honolulu, Hawaii 96850

This _____ day of December, 2005

*Larry Rutkowski* (signature)
Larry Rutkowski
Reg. No 87608-022
USP-Florence
P.O. Box 7000
Florence, Colorado 81226