IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LARRY RUTKOWSKI, | ) | CV. NO. 05-00138 DAE-KSC |
| | ) | CR. NO. 00-00147 DAE |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

ORDER DENYING PETITIONER'S APPLICATION FOR
CERTIFICATE OF APPEALABILITY

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Petitioner's motion and the

supporting memoranda, the Court DENIES Petitioner's Application for a

Certificate of Appealability ("Application").

BACKGROUND

On April 13, 2000, Larry Rutkowski ("Petitioner") was indicted for

conspiracy to knowingly and intentionally possess with intent to distribute in

excess of 50 grams, to wit, approximately five pounds, of methamphetamine,

(Count 1), and for knowingly and intentionally possessing with intent to distribute

in excess of 50 grams, to wit, approximately five pounds, of methamphetamine

(Count 2). (Gov't's Resp. to Def.'s Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence ("Gov't Resp." ), Ex. A.)   A jury trial commenced on February 27, 2001.  Among the evidence introduced at trial was the testimony of three co-defendants, Kainoa Ravey, Brandon Hilton and Michael Ioane, all of whom directly implicated Petitioner in the charged drug dealing scheme.  The jury subsequently found Petitioner guilty of both counts on March 7, 2001.

On May 31, 2002, Petitioner was sentenced to life imprisonment for each of the two counts, to be served concurrently.  Petitioner's term of imprisonment was enhanced to life, pursuant to the enhancement provisions of 21 U.S.C. § 841(b)(1)(A), as a result of two prior state convictions for drug related activity.  This occurred notwithstanding the fact that Petitioner had appealed one of these convictions two weeks prior to his sentencing.  (Gov't Resp. at Dotson Decl. ¶ 11.)

On June 4, 2002, Petitioner filed a notice of appeal from the judgment and sentence.  Among the points of error asserted by Petitioner in his appeal were that the Court failed to comply with 21 U.S.C. § 851(b) during sentencing, and that he received ineffective assistance of counsel at sentencing because his counsel did not object to the Court's failure and did not challenge the use of his prior state conviction, currently on appeal, in the determination of his imprisonment term.

United States v. Rutkowski, No. 02-10331, 2003 WL 22718201, at \*\*2 (9th Cir.
Nov. 18, 2003) (unpublished opinion); see also (Gov't Resp. at Dotson Decl.
¶ 10.)

       Oral argument was held before the Ninth Circuit on November 5,
2003.  Prior to oral argument, however, Petitioner's appeal of his prior state
conviction had been dismissed.  (Gov't Resp. at Dotson Decl. ¶ 11.)  Accordingly,
because both convictions were final at that time, Petitioner's attorney on appeal
conceded to the Ninth Circuit that the district court's 21 U.S.C. § 851(b) error no
longer affected Petitioner's substantive rights, noting that if the case was
remanded, Petitioner would have two final convictions and again qualify for a life
sentence.  Rutkowski, 2003 WL 22718201, at \*\*2; (Gov't Resp. at Dotson Decl.
¶ 12.)  On November 18, 2003, the Ninth Circuit affirmed Petitioner's conviction,
finding that the "district court's failure to comply with  § 851(b) was harmless."
Rutkowski, 2003 WL 22718201, at \*\*2.  The Ninth Circuit further held that
Petitioner failed to support his claim of ineffective assistance of counsel, given that
even if Petitioner could have established deficient performance, such performance
was not prejudicial.  Id.  The United States Supreme Court denied certiorari on
March 1, 2004.  Rutkowski v. United States, 540 U.S. 1228 (2004).

3

On March 1, 2005, Petitioner filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence ("Petitioner's § 2255 Motion"). Petitioner made the following arguments in support of his motion: (1) the Government's failure to comply with Federal Rule of Criminal Procedure 16(a)(1)(E) resulted in the erroneous admission of expert testimony which prejudiced Petitioner's substantial rights; (2) the district court illegally sentenced Petitioner to life imprisonment without advising him of his right to challenge his prior convictions, as required by 21 U.S.C. § 851(b); and (3) Petitioner received ineffective assistance of counsel from his trial counsel, sentencing counsel and appellate counsel. (Pet. Mem. in Support of Motion). The Government filed its response on September 26, 2005.

On October 26, 2005, finding that Petitioner's claims did not warrant relief, the Court entered its Order Denying Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence ("Order Denying Petitioner's § 2255 Motion). The Court rejected Petitioner's first claim, finding that Petitioner was unable to make the showing of prejudice necessary to justify a reversal for violations of discovery rules. Since Petitioner's second claim had been raised and disposed of on direct appeal to the Ninth Circuit, the Court found this claim to be procedurally barred from § 2255 review. Finally, the Court rejected Petitioner's

4

multiple claims of ineffective assistance of counsel, finding that Petitioner failed to satisfy the two-part test set forth in <u>Strickland v. Washington</u>, 466 U.S. 688, 684-685 (1984). Seeking review of the Order Denying Petitioner's § 2255 Motion, Petitioner subsequently filed the instant Application.

<u>STANDARD OF REVIEW</u>

A prisoner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial or dismissal of his petition. 28 U.S.C. § 2253(b); <u>see also</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). Rather, the right to appeal is governed by 28 U.S.C. § 2253, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, which requires that a Petitioner seek and obtain a certificate of appealability ("COA") from a circuit justice or judge.[1] 28 U.S.C. § 2253(c)(1); <u>see also</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 478 (2000). A COA may only be issued if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

_____

[1]This is the language of the statute. However, Rule 22(b), modified by Congress at the same time, says that "[i]f an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate."

In order to satisfy the requisite showing for a COA when a petition for habeas corpus has been denied on its merits, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). In essence, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. When a habeas petition has been denied on procedural grounds, however, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. (emphasis added).

The "substantial showing" standard has been interpreted as being a "relatively low" or "modest standard." Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002); Silva v. Woodford, 279 F.3d 825, 832 (9th Cir. 2002). While the petitioner must satisfy this requisite standard, this does not require a demonstration that the appeal will in fact succeed. Miller-El, 537 U.S. at 337. Accordingly, when determining whether to issue a COA, the court shall not engage

in a full consideration of the merits of the petitioner's claim and shall not decline

the application based on a belief that the petitioner will not demonstrate an

entitlement to relief.  Id. at 336-37.  In addition, the court must resolve doubts

about the propriety of a COA in the petitioner's favor.  Jennings, 290 F.3d at 1010.

Since appellate review is limited to those issues that meet the requisite standard for

the COA, when reviewing the petitioner's application, the Court shall do so on an

issue-by-issue basis, indicating which specific issues satisfy the requisite COA

showing.  28 U.S.C. § 2253©)(3); see also Hiivala v. Wood, 195 F.3d 1098, 1103

(9th Cir. 1999).

## DISCUSSION

I.    Petitioner is not entitled to a COA based on the Government's failure to comply
      with Federal Rule of Criminal Procedure 16(a)(1)(E)

Petitioner has argued that the expert testimony of Duane Stickles

regarding drug ledgers, having been introduced without the prior disclosure of a

written summary, as required by Federal Rule of Criminal Procedure 16(a)(1)(E)

("Rule 16"), resulted in prejudice to his substantial rights.  Although Petitioner

argues that the Government's failure to provide notice that Stickles would testify as

an expert witness unfairly surprised the defense, hampered preparation for

cross-examination of the witness, and precluded Petitioner from presenting his own

7

witness to rebut Stickles' testimony, these claims are not sufficient to support the issuance of a COA.

According to the Ninth Circuit, "a violation of Rule 16 does not itself require reversal, or even exclusion of the affected testimony." United States v. Figueroa-Lopez, 125 F.3d 1241, 1247 (9th Cir. 1997). Rather, in order to justify a reversal for violations of discovery rules, a defendant "must demonstrate prejudice to substantial rights." Id. This showing of prejudice requires that a defendant establish "a likelihood that the verdict would have been different had the government complied with the discovery rules, not had the evidence [been] suppressed." Id. (citing United States v. Baker, 10 F.3d 1374, 1498 (9th Cir. 1993)).

Although the Court does not deny that Petitioner may have been disadvantaged by the alleged violation of Rule 16, reasonable jurists would not debate that the harms alleged by Petitioner fall short of establishing the level of prejudice required to establish the denial of a constitutional right. Petitioner claims that the testimony of Stickles was "highly prejudicial" given the fact that there was scant evidence, beyond the testimony of his three co-defendants, that identified him as a drug dealer. (Pet. Mem. in Support of Motion at 6.) Petitioner therefore contends that the verdict would likely have been different had he had the

8

opportunity to rebut Stickles' testimony. <u>Id.</u> However, Petitioner does not provide any support for this contention. Petitioner does not explain on what grounds he would have rebutted Stickles' testimony, nor made any showing that a rebuttal witness would have in fact altered the outcome of the trial. This mere allegation, without more, does not support the conclusion that the verdict would have been different had the government complied with Rule 16.

In light of the testimony of the three co-defendants, all of whom directly implicated Petitioner, and which was considered by the Ninth Circuit to be sufficient on its own to sustain Petitioner's conviction, Petitioner has not demonstrated that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Accordingly, Petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a COA on the alleged Rule 16 violation.

II.    <u>Petitioner is not entitled to a COA for the Court's failure comply with 21 U.S.C. § 851</u>

Petitioner has alleged that the Court's failure to advise him of his right to challenge his prior convictions before using such convictions to enhance his sentence to life, as required by 21 U.S.C. § 851(b), rendered his sentence illegal.

In its Order Denying Petitioner's § 2255 Motion, the Court found that this issue was barred from § 2255 review because it was previously presented to and ruled upon by the Ninth Circuit in Petitioner's direct appeal.  Since "[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent 2255 proceedings," and the Ninth Circuit previously found the Court's failure to comply with § 851(b) to be a harmless error, Petitioner cannot demonstrate that jurists of reason would debate over whether the petition states a valid claim of the denial of a constitutional right or that the Court was correct in its procedural ruling.  United States v. Currie, 589 F.2d 993, 995 (9th Cir. 1979); see Rutkowski, 2003 WL 22718201, at **2.  Thus, the Court declines to grant a COA on this issue, as Petitioner has failed to make a substantial showing of the denial of a constitutional right.

III.   Petitioner is not entitled to a COA for his various claims of ineffective assistance of counsel

Petitioner has set forth numerous grounds upon which he claims to have been denied his Sixth Amendment right to effective assistance of counsel.  In order to establish a claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in Strickland.  In order to do so, a petitioner must first show that his counsel's performance was so deficient that it fell below an

10

objective standard of reasonableness. Id. at 687-88. This requires that a petitioner identify specific material errors or omissions that cannot be said to have been the result of reasonable professional judgment. Id. at 690. Secondly, a petitioner must also show that the deficient performance was so prejudicial that there is a reasonable probability that, but for counsel's specific unprofessional acts or omissions, the result of the proceedings would have been different. Id. at 694. In addition, a petitioner must also overcome the strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

A.     Trial Counsel

Petitioner has argued that his trial counsel was ineffective for failing to interview or conduct adequate pretrial investigation of witnesses, failing to effectively cross-examine and impeach the testimony of one of the co-defendants, and failing to challenge the accuracy of Petitioner's telephone records. However, the Court finds that reasonable jurists would not debate that Petitioner's claims fail to satisfy the Strickland standard for ineffective assistance of counsel. Petitioner, therefore, has not made a substantial showing of the denial of a constitutional right and is not entitled to a COA on these issues.

11

First, Petitioner alleges that his trial counsel was ineffective for failing to interview or adequately investigate twelve potential witnesses who allegedly could have corroborated Petitioner's testimony and impeached the testimony of the Government's witnesses. However, as discussed in the Order Denying Petitioner's § 2255 Motion, Petitioner's allegation is not supported by the record. Specifically, the Court found that of the twelve people listed in Petitioner's motion, four of the names were never provided to his trial counsel, another four were in fact interviewed by his trial counsel and the remaining four either could not be contacted or were determined, based on the attorney's reasonable judgment and available information, to be of limited value to the Petitioner's case. Furthermore, no less than 16 defense witness interviews were conducted in preparation for Petitioner's trial. Based on these findings, reasonable jurists would not find the Court's conclusion that Petitioner failed to rebut the presumption that his trial counsel had "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," to be debatable or wrong. <u>Strickland</u>, 466 U.S. at 690.

Second, Petitioner argues that he was denied effective assistance of counsel because his counsel failed to impeach co-defendant, Michael Ioane, with a prior inconsistent statement. Petitioner alleges that in an interview with trial

counsel, Ioane stated that co-defendant Ravey, rather than Petitioner, was the

ringleader of the March 2000 drug transaction.  Consequently, Petitioner argues

that trial counsel was deficient because she did not attempt to impeach Ioane with

these statements when Ioane directly implicated Petitioner as the ringleader during

his testimony at trial.  While the failure to impeach a prosecution witness with

prior inconsistent statements can constitute ineffective assistance of counsel,

Petitioner has not provided any evidentiary support for this alleged deficiency of

his counsel.  United States v. Tucker, 716 F.2d 576, 581 (9th Cir. 1983).  Petitioner

cannot establish a claim of ineffective assistance of counsel on his mere allegation

alone.  Accordingly, because the record is devoid of any evidence that Ioane did in

fact make the alleged prior statements, Petitioner can neither establish that his

counsel's representation was deficient nor that his defense was prejudiced by his

counsel's actions.  Thus, reasonable jurists would not debate that the Court's denial

of Petitioner's ineffective assistance of counsel claim was proper.

       Finally, Petitioner argues that his trial counsel was ineffective for

failing to sufficiently challenge the accuracy of Petitioner's cell phone records.  At

trial, the Government produced testimony indicating that phone records revealed

that Petitioner had contacted co-defendant Ravey forty-three times and that Ravey

had contacted Petitioner forty-five times.  Petitioner contends, however, that these

phone records contained several discrepancies and that he was prejudiced by

counsel's failure to produce a witness to testify to this fact.  As discussed in the

Order Denying Petitioner's § 2255 Motion, trial counsel did interview employees

of Nextel regarding this matter and determined that they were not able to provide

information that would assist in challenging the admissibility of these phone

records.  Furthermore, the record demonstrates that trial counsel did in fact

vigorously object to the admissibility of the phone records and the related

testimony.  As a result of counsel's advocacy, the Court refused to allow the

government to introduce a summary of the records into evidence.  Consequently,

Petitioner cannot demonstrate that trial counsel's representation was deficient or

that reasonable jurists would debate over whether the Court's refusal to grant relief

for this claim was proper.  Thus, Petitioner has not made a substantial showing of

the denial of a constitutional right and therefore is not entitled to a COA with

respect to his ineffective assistance of trial counsel claim.

      B.    <u>Sentencing Counsel</u>

      Petitioner has asserted that his sentencing counsel was ineffective for

failing to challenge Petitioner's prior convictions at the time of sentencing,

pursuant to 21 U.S.C. § 851(c), and for failing to object when the district court did

not advise Petitioner of his prior convictions at sentencing, pursuant to 21 U.S.C.

§ 851(b).  This claim, however, was raised on direct appeal to the Ninth Circuit, which concluded that "Rutkowski has failed to establish that counsel's performance was deficient; we also conclude that, even if it had been deficient, counsel's performance was not prejudicial." Rutkowski, 2003 WL 22718201, at **2 (citing Strickland, 466 U.S. at 687).  As discussed in Section II, Ninth Circuit law dictates that issues disposed of on direct appeal are not reviewable in subsequent habeas proceedings.  See Currie, 589 F.2d at 995.  Accordingly, in its Order Denying Petitioner's § 2255 Motion, the Court found this claim to be procedurally barred.   Because Petitioner has failed to demonstrate that jurists of reason would find this procedural ruling debatable, Petitioner is unable make a substantial showing of the denial of a constitutional right.  The Court therefore declines to grant Petitioner a COA for his argument that sentencing counsel was deficient.

      C.      Appellate Counsel

      Finally, Petitioner contends that his appellate counsel was ineffective for failing to raise the issue of the Government's alleged violation of Rule 16 and for conceding at oral argument that the Court's failure to comply with 21 U.S.C.

§ 851 did not affect Petitioner's substantial rights.  The Court, however, finds that Petitioner has failed to make a substantial showing of a denial of a constitutional right to effective assistance of counsel based on these claims.

In response to Petitioner's first claim, Petitioner's appellate counsel testified that her decision not to raise the Rule 16 violation was a reasonable exercise of the discretion granted to appellate counsel to determine which issues should be raised on appeal.  (Gov't Resp. at Dotson Decl. ¶ 7 (citing <u>Jones v. Barnes</u>, 463 U.S. 745, 751-53 (1983)).)  Appellate counsel explained that the testimony from the three co-defendants, all of whom directly implicated Petitioner, was far more significant and simply too overwhelming to be defeated by the limited testimony offered by Stickles regarding the drug ledgers.  (Gov't Resp. at Dotson Decl. ¶ 9.)  Accordingly, appellate counsel did not raise the Rule 16 violation on appeal based on her reasonable belief that in light of the other evidence, the Government's failure to designate Stickles as an expert witness would not have changed the outcome of the trial or appeal.  <u>Id.</u> at ¶ 7.

The reasonableness of this decision has already been established by the Court's earlier determination, in Section I, that the record does not support Petitioner's claim that the Rule 16 violation resulted in prejudice to his substantial

rights. Moreover, the Ninth Circuit found that the testimony of the three co-

defendants was sufficient in and of itself to support Petitioner's conviction. Based

on the foregoing, reasonable jurists would not debate that Petitioner has failed to

show either that appellate counsel's performance fell below an objective standard of

reasonableness or that Petitioner's rights were sufficiently prejudiced by counsel's

actions. Petitioner has thus failed to make the requisite showing for a COA on the

issue of appellate counsel's decision not to raise the Rule 16 violation.

       In addition, Petitioner failed to establish that his appellate counsel was

ineffective for conceding to the Ninth Circuit that the Court's failure to comply with

21 U.S.C. § 851 did not affect Petitioner's substantial rights. As Petitioner's appeal

from his state court conviction was still pending while appellate counsel was

preparing for Petitioner's federal appeal, appellate counsel did appropriately raise

and argue this issue in her brief. (Gov't Resp. at Dotson Decl. ¶ 10.) However,

Petitioner's appeal of his prior conviction was dismissed for lack of jurisdiction

prior to oral argument. Id. at ¶ 12. Because both state court convictions were final

at the time of oral argument, had the case been remanded for resentencing,

Petitioner would again have qualified for a life sentence. Id. Thus, at the time of

oral argument there was no longer an argument that Petitioner was substantially

prejudiced by the Court's failure to comply fully with § 851. Based on this fact,

reasonable jurists would not debate that counsel's concession was appropriate.

Because Petitioner has failed to establish either deficient representation or

prejudice, the Court rejects Petitioner's contention that he has made a substantial

showing of the denial of a constitutional right and consequently declines to grant

Petitioner a COA for his ineffective assistance of appellate counsel claim.

CONCLUSION

For the foregoing reasons, Petitioner's Application for a Certificate of

Appealability is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 17, 2006.



_____
David Alan Ezra
United States District Judge

Larry Rutkowski v. United States of America, CV. NO. 05-00138 DAE-KSC, CR.
No. 00-00147 DAE; ORDER DENYING PETITIONER'S APPLICATION FOR
CERTIFICATE OF APPEALABILITY